# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-51023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO ARVIZU-CRUZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-330-1

————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Arvizu-Cruz pleaded guilty to being unlawfully present in the United States following removal. The district court sentenced him above the guidelines range of 24 to 30 months of imprisonment to 50 months of imprisonment and three years of supervised release. On appeal, Arvizu-Cruz argues that his sentence of imprisonment is substantively unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51023

because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

The record does not support Arvizu-Cruz's contention that the district court erred by using his prior illegal reentry sentence, rather than the guidelines range, as the "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Rather, the record reflects that Arvizu-Cruz's prior sentence was one of several factors the district court considered in reaching its sentencing decision, and, in any event, we have held that a district court is warranted in varying or departing upward from the guidelines range based on the lack of deterrence provided by prior lenient sentences. *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004).

Nor are we persuaded by Arvizu-Cruz's argument that, in view of the nonviolent nature of his illegal reentry offense, the 50-month sentence overstates the seriousness of his offense, fails to provide just punishment, and undermines respect for the law. We have previously rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Arvizu-Cruz further contends that the 50-month sentence imposed by the district court does not adequately reflect his history and characteristics. He asserts that a sentence within the guidelines range would have been sufficient given that he was raised in a poverty-stricken environment in Mexico and came to the United States to find work. He argues that the district court's sentencing decision is greater than necessary to provide adequate deterrence, protect the public, and provide educational or vocational training, medical care, or other correctional treatment.

No. 15-51023

We have previously held that "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted).  In essence, Arvizu-Cruz is seeking to have his sentence vacated based on a reweighing of the § 3553(a) factors, which is not within the scope of an appellate court's review.  *See Gall*, 552 U.S. at 51. There is nothing in the record that indicates that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).   Finally, the extent of the variance was reasonable.  *See Lopez-Velasquez*, 526 F.3d at 805-08; *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).

AFFIRMED.